MERKEL, Plaintiff, v. MAYBAUGH, et, Defendants.

Common Pleas Court, Tuscarawas County.

No. 27424.   Decided October 31, 1945.*

H. M. Rust, Mansfield, for plaintiff.

Arthur B. Cunningham, Prosecuting Attorney, and Fisher, Limbach, Smith & Renner, New Philadelphia, special counsel, for defendants.

*Affirmed by the Court of Appeals, April 23, 1946,

## OPINION

By LAMNECK, J.

On August 30, 1945, the plaintiff filed his petition in this court against the Board of County Commissioners of this county in which he alleged in substance that he and twenty-one other workmen were employed by the aforesaid Board of County Commissioners on public improvements in this county at a rate of pay less than the prevailing wages for the services required of them; that the difference in wages which was paid and should have been paid amounted to $10,000.00 for each employee; and that in addition thereto there is due a penalty equal to the amount of such difference.

The last paragraph of said petition preceding the prayer reads as follows:

"The plaintiff states that the failure and refusal to pay the prevailing rate of wages on said public improvements by the defendants was a part of and a participation in a conspiracy in restraint of trade and commerce in the community of Tuscarawas County, Ohio, among employers, to control and suppress wage rates, and to suppress the people of said community in their obtaining and enjoying their civil and legal rights, but the use of trickery, subterfudges, violence and armed forces, and that the plaintiff believes and therefore alleges, that said employers maintain arsenals for this purpose, and that these defendants participate in said conspiracy by the use of their influence, position and authority in securing and maintaining said arsenals and armed forces and permitting there use. That said conspiracy is beleived to be carried on through the officers and members of The Associated Industries of Cleveland, and The National Metal Trades Association. That the full and complete information and knowledge of said conspiracy and combination in restraint of trade and commerce is in the possession of the said defendants and concealed from this plaintiff, and due to such conspiracy the plaintiff is entitled to double the amount otherwise due."

The plaintiff also alleged that all of the employees involved have assigned their claim to him, and for that reason he asked judgment in his prayer in the amount of $840,000.00 and costs.

The petition being in the form of a single cause of action, and not stating whom or how each alleged assignment of claim was made to the plaintiff, the kind or duration of the employment or the date of pay each employee received and should have received, the court on a motion to make definite and certain, under date of October 3, 1945, ordered the plaintiff to make his petition more definite and certain in the following particulars, to-wit:

"1. By setting up as a separate cause of action his claim for his own deficiency in wages and by setting up as separate causes of action the claims for deficiency in wages for each of his assignors and separately numbering the same, and including in each such cause of action to the best of his knowledge the kind and length of service performed, the rate of pay received, the prevailing rate of pay that should have been paid, the date when and how each assigned claim was made to him, and the amount claimed as a penalty under the prevailing wage law.

"2. If the employment of the plaintiff or any of his assignors was not on a continuous contract, by setting up in the manner set forth in specification 1 of this order, as separate causes of action each claim based on his own deficiency in wages and the various claims based on the deficiency of wages for each of his assignors for each period of employment, constituting a separate contract of employment.

"3. By setting up in the manner set forth in specification 1 of this order the various causes of action based on an alleged conspiracy in restraint of trade or commerce."

Under date of October 11, 1945, the plaintiff by his attorney filed a "request for reconsideration of motion" in which it is insisted that there is but one cause of action alleged in the petition, and in which he asks the court to reconsider its order ordering him to make his petition more definite and certain, and that if the court cannot concur in this request that "the matter be disposed of by a final entry so that this matter can be reviewed."

Neither at the hearing of the motion to make more definite and certain, nor at the hearing on the plaintiff's motion for reconsideration did plaintiff's counsel appear for oral argument on the questions presented.

**Sec 17-5 GC,** which authorizes the bringing of a suit to recover the difference between the fixed rate of wages and the amount paid, together with a penalty, being a constitutional enactment, this court would not arbitrarily deprive any employee of the right to claim under its specific provisions, but no court can disregard specific statutory provisions detailing how such an aggrieved person may invoke the jurisdiction of the court.

Does the petition of the plaintiff meet the statutory requirements relating to pleading?

**Sec. 11308 GC,** provides that "When the petition contains more than one cause of action, each cause must be separately stated and consecutively numbered."

A claim for services rendered constitutes a single cause of action. **(31 O. Jur. 611,** Sec. 71; Bates' Pleading, 4th Ed., Sec. 455a.) But each period of employment constitutes a separate contract and cause of action. Where the employment is continuing in character, although there may be intervals of temporary layoffs, such employment amounts to a single contract and cause of action. **Briggs v Grocery Co., 116 Oh St 343, 156 N.E. 494.** For that reason the ruling of the court that each period of employment not on a continuous contract of employment must be set up as a separate cause of action, if any such existed, is in the opinion of the court required by the statute.

The court did not require that the penalty provided for under §17-5 GC, be set up as a separate cause of action, but ruled that an action to recover the difference in wages paid and wages due and the penalty thereon could be joined in a single cause of action.

The court did require however that a claim brought under §6390, et seq., GC, (The Valentine Anti Trust Law), should be set up as a separate cause of action.

**Sec. 6397 GC,** reads as follows: "In addition to the civil and criminal penalties provided in this chapter, the person injured in his business or property by another person, or by a corporation, association or partnership by reason of anything forbidden or declared to be unlawful in this chapter, may sue therefor in any court having jurisdiction thereof in the county where the defendant or his agent resides or is found, or where service may be obtained, without respect to the amount in controversy and recover twofold the damages sustained by him and his costs of suit. When it appears to the court, before which a proceeding under this chapter is pending, that the ends of justice require other parties to be brought before such court, the court may cause them to be made parties defendant and

summoned whether they reside in the county where such action is pending or not."

It should be noted that this statute provides that a suit may be brought to "recover twofold the damages sustained by him and his costs of suit."

In order to recover the penalty provided for under §17-5 GC, it is only necessary for an aggrieved person to prove under a proper pleading that the prevailing wage had not been paid and a judgment for the difference and a 100% penalty would follow. But in order to recover under §6397, GC, an aggrieved person must prove many other facts independent of the prevailing wage law, especially a conspiracy and combination in restraint of trade and commerce in the county among persons and organizations. It is quite apparent that the "penalty" provided for under §17-5 GC, and the "damages" provided for under §6397 GC, have no relation to each other. They exist independently of each other, and while the damages provided for under §6397 GC, may or may not be held to be cumulative to §17-5 GC, as provided for in §6402 GC, the penalty under §17-5 GC, could obtain where no right of action existed under §6397 GC. It is also a serious question whether the penalty provided for under §17-5 GC, could form any part of the basis on which the punitive damages provided for under §6397 GC, might be assessed.

A defendant might not have a defense to the penalty provided for under §17-5 GC, but might have a meritorious defense to the damages provided for under §6397 GC. To meet such a contingency a court should not hesitate to require a pleader to separate the alleged facts into separate causes of action so as to permit a defendant to intelligently meet all matters set forth in the petition. (41 Amer. Jur., page 364, Sec 107.)

From all of the foregoing the court is of the opinion that its order to require the penalty claimed under §6397 GC, be stated as a separate cause of action is proper.

Does the claim of the plaintiff based on his individual deficiency in wages and the various alleged assigned claims of other employees constitute separate causes of action?

Sec. 17-5 GC, indicates that the individual claim of each employee is a separate cause of action because said section provides in part, "any mechanic or laborer paid less than such rate by any public authority shall have a right of action." An employee's right under this statute is therefore individual. While assigned claims are joinable under §11306 GC, each claim should nevertheless be set up as a separate cause of action, because a defendant might have different defenses to

each claim. (Bates' Pleading, 4th Ed., Sec. 440a.) It could be the fact that the individual claim of the plaintiff might be meritorious and undisputed while the assigned claim of one of his fellow employees might be subject to any one or more of several meritorious defenses. The defendants can not intelligently plead to the claims of the plaintiff unless his various claims are separately stated and numbered.

There is also another reason why each assigned claim should be separately stated and numbered. The claims based on the various assignments may have accrued on different dates. **Sec. 11225 GC,** provides that "an action for a penalty or for a forfeiture shall be brought within one year after the cause thereof accrued." This section may apply to the penalties claimed in the petition. If it does, when the periods of employment began and when they ended becomes very material. Other statutes of limitation may also apply. It is quite evident from the petition that the periods of employment of the various assignors were not identical. In order to intelligently consider §11225 **GC,** as it relates to these claims and other possible statutes of limitation, the claims based on the various assignments must be separately stated and numbered.

The court is also of the opinion that its order requiring the plaintiff to state when and how each assigned claim was made to him is well taken. **Sec. 6346-13 GC,** which prohibits the assignment of wages after June 2, 1939, except as to agreements between employees and employers for a check-off, and §6346-12 **GC,** which specifies how an assignment of wages and what part thereof might be assigned prior to June 2, 1939, and after July 23, 1929, may seriously affect the various assignments claimed by the plaintiff. The defendants have the right to raise this question by demurrer if they so desire, and this cannot be done unless the plaintiff pleads how and when the various assignments were made to him.

It is not a physical impossibility for the plaintiff to set up his various claims in separate causes of action as claimed by his counsel. In fact it is quite a simple matter. If this action was brought in good faith sufficient facts should have been in the possession of the plaintiff to make a proper initial pleading. If sufficient primary facts were not within his knowledge, such facts were available to him so far as they exist because as a citizen he has access to the public records of the county.

By reason of the failure of counsel for the plaintiff to appear in court when motions in this cause were set for hearing, by his neglect in failing to file an amended pleading

within the time fixed by the rules of the court; and by reason of his request to the court to dispose of this matter by final entry if the court would not rescind its order requiring him to separately state and number his causes of action and to make his petition more definite and certain, the court can only conclude that the plaintiff has abandoned his cause, and it will therefore be ordered that this case be dismissed for lack of prosecution at the plaintiff's costs.