Dennis et al. *v.* Young et al.

[Cite as Dennis v. Young, 17 Ohio Misc. 294.]

(No. 38473—Decided September 29, 1967.*)

*Affirmed by Court of Appeals September 20, 1968.

Motion to certify overruled by the Supreme Court January 15, 1969.

Common Pleas Court of Tuscarawas County.

*Mr. J. S. Bowers*, for plaintiff.
*Mr. George J. Demis*, prosecuting attorney, and *Mr. Joseph M. Streb*, for defendants.

LAMNECK, J. On December 23, 1966, Ermile D. Dennis, one of the plaintiffs in this action together with 41 other persons joined in filing their separate causes of action in this case as authorized by Section 2307.191, Revised Code, against the defendants, Charles R. Young, the County Engineer of Tuscarawas County, Ohio, and the Board of County Commissioners of Tuscarawas County, Ohio. Since then the number of plaintiffs has been reduced to the said Ermile D. Dennis and 30 other persons.

For their causes of action, the plaintiffs claim they were employed by the Tuscarawas County Engineering Department under the direction of the defendant, Charles R. Young, County Engineer, to perform various tasks in the construction, reconstruction, improvement, enlargement, alteration or repair of various public improvements by force account or otherwise authorized by the defendant, the Board of County Commissioners of Tuscarawas County, Ohio; that they were not paid the prevailing rate of wages for such work as provided for in Chapter 4115, Revised Code; and they seek to recover the difference between the fixed rate of wages and the amounts paid to them as authorized by Section 4115.06, Revised Code.

Each plaintiff seeks to recover from Tuscarawas County, Ohio, such sum of money as represents such alleged difference for work performed on various projects and work performed within a period of six years prior to December 23, 1966.

The defendants have filed a demurrer to the plaintiffs' Second Amended Petition, consisting of two branches, viz.,

1. That the action for all items contained in said petition for each of the several plaintiffs alleging service prior to December 23, 1964, is barrd by the two-year statute of limitations, Section 2305.11, Revised Code.

2. That the plaintiffs' Second Amended Petition does not state facts which show a cause of action.

Said demurrer is the matter now before the court.

Except for the contention that action may be barred by the applicable statute of limitations the court is of the opinion that the petition, including the claims of the various plaintiffs does state a cause of action. Section 4115.06, Revised Code, specifically provides in part as follows:

"Where a public authority constructs a public improvement with its own forces such public authority shall pay a rate of wages which shall not be less than the rate of wages fixed as provided in Section 4115.04, Revised Code. Any mechanic or laborer paid less than such rate by any public authority has a right of action against such public authority for the difference between the fixed rate of wages and the amount paid to him, and in addition  thereto a forfeiture equal in amount to such difference."

The defendants claim that this action is barred by the applicable statute of limitations, that being Section 2305.11, Revised Code. The plaintiffs claim that this action is not included in Section 2305.11, Revised Code, but that the applicable section is Section 2305.07, Revised Code, known as the six-year statute.

Section 2305.07, Revised Code, reads as follows:

"An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

This section applies to the instant case unless Section 2305.11, Revised Code, applies.

Section 2305.11, Revised Code, reads as follows:

"An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, or upon a statute for a penalty or forfeiture, shall be brought within one year after the cause thereof accrued, provided that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, shall be brought within two years after the cause thereof accrued."

The plaintiffs contend that the prevailing wage laws, Chapter 4115, Revised Code, are not minimum wage laws and consequently Section 2305.11, Revised Code, does not apply.

The present prevailing wage law was originally enacted as a law fixing "fair rate of wages" to be paid workmen and mechanics in construction of public improvements in 1931 and consisted of four sections, Sections 17-3 to 17-6, inclusive, General Code. (114 O. L. 116.)

In 1935 this act was revised and was restyled "Prevailing rate of Wages on public improvements." (116 O. L. 206.) The original act made no provision for the recovery of the difference in wages paid an employee and the amount he should have received. In the revised act, Section 17-5, General Code, was amended to include a provision which read as follows:

"Any mechanic or laborer *paid less than such rate* or rates by any public authority shall have a right of action against such public authority for the difference between the fixed rate of wages and the amount paid to him, and in addition thereto a penalty equal in amount to such difference."

The italicized words "paid less" above seems to indicate that this was intended to be a minimum wage law for public improvements and such minimum was to be established and based on prevailing wages paid mechanics and laborers for similar work in the locality where such public work was to be performed.

Section 17-5, General Code, later became Section 4115.-06, Revised Code. This section still carries the words "paid less than such rate" which indicates that it is a minimum wage law based on prevailing wages for similar work in particular localities.

Section 2305.11, Revised Code, was formerly Section 11225, General Code. The original section contained no provision relating to minimum wages or overtime compensation. In 1943, Section 11225, General Code, was amended to include the following:

"An action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation or liquid-

ation damages by reason of the nonpayment of minimum wages of overtime compensation, shall be brought within three years after the cause thereof accrued.

In 1947, Section 11225, General Code, was amended reducing the time for the bringing of minimum wage suits, etc. from three to two years. Section 11225, General Code, became Section 2305.11, Revised Code, effective October 1, 1953, and has remained in its present form since that time.

Section 2305.07, Revised Code, does not refer specifically to actions for the recovery of minimum wages, etc. Being general in its terms as it relates to such actions, and being enacted subsequently to 1935 when actions for the recovery of minimum wages, etc. paid to mechanics and laborers on public works was originally authorized, Section 2305.11, Revised Code, controls over Section 2305.07, Revised Code, since it contains a provision which specifically relates to such action.

Section 2305.11, Revised Code, provides that an action to recover minimum wages "shall be brought within two years after the cause thereof accrued." This raises the question when does an action for alleged minimum wages accrue?

The claims of the various plaintiffs consist of work and labor alleged to have been performed on various projects at various times and places. To all intents and purposes each plaintiff's claim consists of various items of an account.

In *Courson's Exr.* v. *Courson,* 19 Ohio St. 454, it was held that a right of action accrues on each item of an account at the time of its proper date and the statute of limitations then begins to run against it, unless it is taken out of the statute on some special ground. This pronouncement was affirmed in *Burris* v. *Thorpe,* 78 Ohio St. 410. The *Courson case, supra,* was an action to recover wages for work and labor performed at different times.

The court is of the opinion that Section 4115.06, Revised Code, gives to an employee of a public authority a right to institute an action to recover the difference between the fixed rate of wages and the amounts paid to

him, and such right to recover accrues at every regular payday. But under Section 2305.11, Revised Code, no right of action exists to recover for items in the various petitions for pay periods that ended prior to December 23, 1964. Eleven plaintiffs to this action based their claims on work and labor performed prior to December 23, 1964. As to such plaintiffs the demurrer to the petition of each of such plaintiffs is sustained.

The remaining plaintiffs base their action on work and labor, some of which is alleged to have been performed prior to December 23, 1964, and some thereafter.

This court is of the opinion that the petition of each plaintiff constitutes a single cause of action although made up of many individual items. See *Merkel* v. *Maybaugh*, 45 Ohio Law Abs. 385.

In *Squire* v. *Trust Co.*, 79 Ohio App. 371, it was held that where a section of a petition contains more than one cause of action, some of which are sufficient and others are not, a demurrer to the entire section should be overruled. We believe the same reasoning should apply in the instant case where some items of the petition are alleged to have accrued prior and some after the time fixed by the statute of limitations.

In *Hosterman* v. *Bank*, 79 Ohio App. 37, it was held that a defendant may raise the bar of the statute of limitations by answer, even though the defect appears on the face of the petition.

It will therefore be held that the demurrer to the petitions of the plaintiffs who base their action in part for services performed subsequent to December 23, 1964, be overruled.