HARRIS, DIRECTOR, ET AL., APPELLANTS, *v.* ATLAS
SINGLE PLY SYSTEMS, INC., APPELLEE, ET AL.

[Cite as *Harris v. Atlas Single Ply Sys.,
Inc.* (1992), 64 Ohio St.3d 171.]

(No. 91–1793—Submitted February 26, 1992—Decided July 15, 1992.)

*Lee I. Fisher,* Attorney General, *Dan E. Belville* and *Kenneth L. Saunders,* for appellants.

*Vorys, Sater, Seymour & Pease, Jonathan R. Vaughn* and *Timothy J. Dawe,* for appellee.

*Ross, Brittain & Schonberg Co., L.P.A., Alan G. Ross* and *Evelyn P. Schonberg,* urging affirmance for *amicus curiae,* Ohio ABC Inc.

*Benesch, Friedlander, Coplan & Aronoff, N. Victor Goodman* and *Mark D. Tucker,* urging reversal for *amicus curiae,* Ohio State Building and Construction Trades Council.

---

COOK, J. The issue to be settled is whether the Director must bring claims for unpaid prevailing wages within the two-year period required by R.C. 2305.11(A). We resolve the question based on statutory interpretation and conclude that "minimum wages," as used in R.C. 2305.11(A), does not encompass claims based on the failure to pay prevailing wage rates for work on public improvements as set forth in R.C. 4115.10.

Our analysis focuses on the specific language of the statute of limitations sought to be applied. R.C. 2305.11(A) reads in pertinent part:

" * * * an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation * * * shall be commenced within two years after the cause of action accrued."

The Director argues that the statute is inapplicable both because the action was brought by the Director instead of by an employee,[1] and because the phrases "minimum wages" and "prevailing wages" are dissimilar concepts. We base our decision, however, solely on the distinction between minimum wages and prevailing wages.

Atlas contends that the court of appeals' decision below is correct in holding that prevailing wages are a "species of the minimum wage law." *Harris v. Atlas Single Ply Systems, Inc.* (June 25, 1991), Guernsey App. No. 90–CA–32, unreported, 1991 WL 122360, citing *Dennis v. Young* (1967), 17 Ohio Misc. 294, 46 O.O.2d 364, 243 N.E.2d 773, affirmed (Sept. 20, 1968), Tuscarawas App. No. 982, unreported. In support, Atlas and *Dennis, supra,* direct our attention to references in the prevailing-wage statutes to "minimum rate of wages" (R.C. 4115.04) and language such as "pay * * * not less * * * than the [fixed] rate" (R.C. 4115.06), as evidence that the nature of the prevailing wage law establishes a minimum threshold wage. We find, however, as did the conflicting courts of appeals' decisions, that sound reasons exist to rule

---

1. The court of appeals found no reason to distinguish an action brought on behalf of employees from an action by an employee.

that "prevailing wage" and "minimum wage" as used in the Revised Code are not synonymous.

The term "minimum wages" denotes a specified hourly wage guaranteed to all qualified workers under federal and Ohio law. It is a dollar and cents amount readily cited by most American adults—$4.25 at the time of the decision. R.C. Chapter 4111. The term "prevailing wage," by contrast, is calculated based on union wages paid in a given locale and based on a sum of various compensation factors defined in R.C. 4115.03(E), including hourly wage rates and fringe benefits. Accordingly, if we were to find that the reference in R.C. 2305.11(A) to "minimum wages" governs actions for prevailing wages, we would be ascribing two entirely different meanings to the use of the term "minimum wages." See, generally, *Harris v. Van Hoose* (1990), 49 Ohio St.3d 24, 550 N.E.2d 461.

This court has previously differentiated prevailing wages from minimum wages in *Craig v. Youngstown* (1954), 162 Ohio St. 215, 55 O.O. 110, 123 N.E.2d 19. The court stated in *Craig, supra,* at 221, 55 O.O. at 112–113, 123 N.E.2d at 22:

" * * * It is the view of this court that the Prevailing Wage Law does not establish '*a minimum wage*' in the sense that those words are used in * * * the Constitution.[2] * * * It is only pertinent to observe that the subject of minimum wage was covered by the General Assembly by the enactment of statutes entirely separate from those comprising the Prevailing Wage Law." (Emphasis *sic* and footnote added.)

We are not persuaded to overrule *Craig.*

We agree with the following reasoning from the conflicting decision of *Harris v. J.A. Schultz & Son, Inc.* (July 17, 1987), Wood App. No. WD–86–81, unreported, 1987 WL 14229. R.C. 2305.11(A) expressly mentions unpaid overtime compensation and unpaid minimum wages. Thus, the absence of prevailing wages in that language suggests the legislative intent to exclude such term, using the maxim *expressio unius est exclusio alterius,* meaning the mention of one thing implies the exclusion of another. See *State ex rel. Cunningham v. Indus. Comm.* (1987), 30 Ohio St.3d 73, 30 OBR 176, 506 N.E.2d 1179. Moreover, minimum wage laws and prevailing wage laws were enacted in different chapters of the Revised Code with each having a different purpose. The minimum wage laws were enacted to protect all workers; the prevailing wage laws were intended to support the integrity of the collective

---

2. The issue required reference to Section 34, Article II of the Ohio Constitution, which provides:
   "Laws may be passed fixing and regulating the hours of labor, establishing a *minimum wage* * * *." (Emphasis added.)

bargaining process in the building and construction trades, *State ex rel. Evans v. Moore* (1982), 69 Ohio St.2d 88, 91, 23 O.O.3d 145, 146, 431 N.E.2d 311, 313.

Based on the foregoing, we conclude that R.C. 2305.11(A) does not apply to limit the time for bringing actions for recovery of unpaid prevailing wages. Although R.C. Chapter 4115 prescribes no time limitation on actions brought by the Director, that is not reason enough to compel application of R.C. 2305.11(A), which is inapposite.

We do not reach the sound public policy arguments generally favoring statutes of limitations. This is a problem to be resolved by the legislature.

The judgment of the court of appeals is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, DOUGLAS and H. BROWN, JJ., concur.

HOLMES and JONES, JJ., separately dissent.

FRED E. JONES, J., of the Twelfth Appellate District, sitting for WRIGHT, J.

DEBORAH L. COOK, J., of the Ninth Appellate District, sitting for RESNICK, J.

DOUGLAS, J., concurring. While I concur with the majority in its opinion, syllabus and judgment, I write separately to point out that R.C. Chapter 4115 contains its own limitations periods. See R.C. 4115.10(A), 4115.10(C), 4115.13 and 4115.16(B). A clear reading of this comprehensive scheme of time limitations must lead to the ultimate conclusion that the limitations period set forth in R.C. 2305.11(A) does not apply.

In discussing the system set up by the General Assembly for enforcing the prevailing wage, Justice Brown, speaking for the court in *Harris v. Van Hoose* (1990), 49 Ohio St.3d 24, 26–27, 550 N.E.2d 461, 463, cited the Ohio Legislative Service Commission's summary of the bill which provided for the enforcement procedure. Justice Brown said, in part, that " * * * [t]he commission described the interplay of the three methods of enforcement: 'The bill * * * places a 60 day statute of limitations *running from the date when the Director determines a violation of the prevailing wage law exists* on the employees [*sic* ] right to bring a civil suit. If at the end of the 60 day period, *the employee has not brought suit or has not requested the Director to sue* on his behalf, and the Director has determined that a violation of the law has occurred, *the bill requires the Director to bring suit on behalf of the affected employees.*' " (Emphasis added in part.)

It can readily be seen that *any* limitations period that does exist commences to run only upon a determination of the Director that a prevailing-wage-law violation exists. Thus, R.C. 2305.11(A) does not and cannot apply.

SWEENEY, J., concurs in the foregoing concurring opinion.

JONES, J., dissenting. The majority has announced a most remarkable doctrine in holding that the Director of Industrial Relations, alone among all individuals, corporations and other legal entities, is not bound by a statute of limitations. Such was surely not the intent of the legislature. Any action filed by the Director of Industrial Relations inures to the benefit of the wronged employee, and the resources of the state are not affected by the outcome of the litigation. It has long been the law of Ohio that when an action is filed by an officer of the state, in behalf of an individual, the state has no greater rights than the individual. *State ex rel. Fulton v. Bremer* (1935), 130 Ohio St. 227, 4 O.O. 242, 198 N.E. 874. Did the legislature intend that an employee who was wrongfully paid less than the prevailing wage rate have a right to recover twenty or thirty years later, while he has only two years to bring an action if his neck is broken by an errant driver? Hardly!

If a "prevailing wage" is not a species of "minimum wage," what kind of strange animal is it? R.C. 4115.02 *et seq.* declares that the minimum wage paid to an employee shall be the prevailing wage. The term "prevailing wage" pertains not to a maximum wage, but a minimum wage.

The political ramifications involved in today's holding are frightening. The Director of Industrial Relations, being appointed by the Governor, would usually change when a new Governor is elected. It will now be possible for any new administration to conduct a political vendetta with impunity. The Director need only "investigate" contracts on public projects completed many years ago, paying particular attention to any contractor who made a political contribution to the opposition.

The holding of the majority cries for remedial legislation.