EBRIGHT ET AL., APPELLEES, *v.* CITY OF WHITEHALL, APPELLANT.

(No. 81AP-838—Decided September 14, 1982.)

*Mr. George C. Rogers,* for appellees.
*Mr. Ted Zwayer,* for appellant.

STRAUSBAUGH, J. This is an appeal from a judgment rendered in a class action by the Court of Common Pleas of Franklin County for plaintiffs, who are present and past police officers employed by defendant, city of Whitehall. Plaintiffs claimed that defendant violated R.C. 4111.03 and the codified ordinances of the city of Whitehall by failing and refusing to pay plaintiffs at a wage rate of one and one-half times their wage rate for the time worked for roll call, which was in excess of forty hours in one week and eight hours in one day.

The dispute involves a fifteen-minute period prior to the beginning of a shift when the police officers are required to report to roll call. The trial court found that this fifteen-minute period was conducted for defendant's benefit, on the requirement that the police officers must be ready for duty and subject to inspection. During this period they are given instructions, information and assignments, and are subject to disciplinary action for failure to attend.

The trial court found that plaintiffs were on duty during meal and coffee breaks based on the fact that no breaks were given without permission from the dispatcher; that the breaks were given based on the amount of activity at the time of the request; that officers were required to be uniformed during the break; that they are required to report where they are eating, and are often called to duty while on the break.

The trial court found that the plaintiffs had not waived their rights under overtime ordinances enacted over the last fifteen years by defendant. The trial court applied the statute of limitations set out in R.C. 2305.07 and held that judgment should be rendered for plaintiffs. Defendant filed a timely notice of appeal and raised the following assignments of error:

"I. The trial court erred when it failed to follow accepted and longstanding rules of statutory construction for the interpretation of the many salary ordinances.

"II. The trial court erred when it found that Whitehall police officers were working during meal periods, for purposes of receiving compensation under the Whitehall city salary ordinances.

"III. The trial court erred when it found that Section 2305.07 Ohio Revised Code was applicable, and that the statute of limitations had been waived.

"IV. The trial court erred when it found that plaintiffs had not waived their claim pursuant to a bargaining agreement, and furthermore were not estopped from this claim as a matter of law."

Overtime compensation for police officers exists only pursuant to the ordinances of the city of Whitehall as a result of *Meeks* v. *Papadopulos* (1980), 62 Ohio St. 2d 187 [16 O.O.3d 212].

The current salary provisions in Ordinance No. 43-79, and the language granting overtime compensation in the current ordinance, are identical to the language contained in all salary ordinances beginning with the first ordinance enacting overtime compensation for city employees in 1965. Ordinance No. 43-79 defines overtime as:

"(14) Overtime [is] that time during which an employee is on duty, working for the City of Whitehall, in excess of eight (8) hours in any calendar day or 40 hours in any calendar week, except for those employees working the platoon system in the Division of Fire, in which event it shall include active duty time involved in excess of 56 work hours in any one week, the

average being based on three consecutive calendar weeks. Overtime applies only to that time authorized to be worked by an appointing authority in accordance with the provisions of this Ordinance."

The defendant's first two assignments of error are interrelated and will be considered together. The defendant claims that the trial court incorrectly concluded that the Whitehall police officers were required to work eight and one-quarter hours per day by failing to give the city ordinance the interpretation given by those charged with its execution and application. The defendant stated that the evidence at trial revealed that the Whitehall City Council had extensive discussions and input concerning the hours and wages of police officers; that city council took no action to change the salary ordinances to eliminate roll call or grant overtime compensation for the eight and one-quarter hour shift; that the executive and administrative officers responsible for interpreting and implementing these salary ordinances have never interpreted regular work shifts of police officers to include fifteen minutes of overtime, and that roll call time was set off by mealtime.

We find the ordinances in this case are clear. The police officers are entitled to overtime compensation for work in excess of eight hours in any calendar day or forty hours in any calendar week. While it it is true that an executive body's interpretation of a statute is persuasive, it is by no means conclusive or binding on the court.

In *Jewell Ridge Coal Corp.* v. *Local No. 6167, U.M.W.* (1945), 325 U.S. 161, the Supreme Court had to determine what constituted "working time" which made up the work week within the meaning of Fair Labor Standards Act of 1938. The Supreme Court set forth a three-step test determining the essential elements of "work." The court stated that the time must involve: (1) a physical or mental exertion whether burdensome or not; (2) the

exertion is controlled or required by the employer; and (3) the exertion is pursued necessarily and primarily for the benefit of the employer and his business. The trial court in this case properly applied these factors in arriving at its finding that roll call and mealtime constituted compensable working time. After reviewing the record, we conclude the findings of the trial court are supported by the weight of the evidence. The first two assignments of error are overruled.

A more troublesome aspect of this case involves whether the trial court applied the proper statute of limitations and whether defendant waived the statute. The trial court ruled that the applicable statute of limitations was six years, as the claims herein were liabilities created by statute and governed by R.C. 2305.07, which provides:

"* * * an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

Defendant claims that the statute of limitations regarding overtime compensation found in R.C. 2305.11(A) should have been applied. R.C. 2305.11(A) states in part:

"* * * provided that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, shall be brought within two years after the cause thereof accrued."

The trial court also found that plaintiffs were entitled to payment for accrued overtime throughout their employment by those members of the class who were separated from service six years or less, prior to the filing of the action.

We find that the trial court applied the wrong statute of limitations and miscalculated payment of overtime. The general rule is that when a special statute

and a general statute cover the same subject matter, the special statute covering the particular matter must be read as an exception to the general statute. *Western & Southern Indemn. Co.* v. *Chicago Title & Co.* (1934), 128 Ohio St. 422; *State, ex rel. Kearns,* v. *Rindsfoos* (1954), 161 Ohio St. 60, 66 [53 O.O. 2]; *State, ex rel. Bd. of Edn.,* v. *Schumann* (1966), 7 Ohio St. 2d 41, 43 [36 O.O.2d 23]; *Dennis* v. *Young* (1967), 17 Ohio Misc. 294, 298 [46 O.O.2d 364].

The specific subject matter in this case is overtime compensation and therefore R.C. 2305.11(A) is controlling. See *Niswonger* v. *Cincinnati* (1968), 17 Ohio App. 2d 200 [46 O.O.2d 274].

Furthermore, the statute limits the recovery of overtime to the two-year period preceding the filing of the cause of action. We find nothing in the statute which permits the payment of overtime accrued throughout their employment. Moreover, nothing in the agreement indicates that defendant waived its right under R.C. 2305.11(A). The third assignment of error is sustained.

In the fourth assignment of error, defendant claims that this suit should be barred by plaintiffs' failure to utilize the grievance procedure set out in the labor agreement. In our view, defendant's claim about the grievance procedure is answered by an examination of the labor agreement which, under Section 3, Article VI, page 10, states in pertinent part that:

"Nothing in this Grievance Procedure shall deny bargaining unit members of any rights available at law to achieve redress of their legal rights. However, once the bargaining unit member elects as his remedy legal action, he is thereafter denied the remedy of the Grievance Procedures provided herein."

There is no conduct or agreement in this case which would indicate that plaintiffs waived their right to litigate what portion of their day constitutes compensable working time.

Defendant also claims that plaintiffs acquiesced in working an eight and one-quarter hour shift for fifteen years and should be estopped from maintaining such claims. Acquiescence may be by implication or by positive affirmation. In either case, there must be some grounds to indicate that acquiescence was intended. 28 American Jurisprudence 2d 673, Estoppel and Waiver, Section 57. There is no indication that acquiescence was intended and we find no grounds for concluding that plaintiffs are estopped, as a matter of law, from asserting their claim. The fourth assignment of error is overruled.

Therefore, based on the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part and remanded.

*Judgment affirmed in part, reversed in part and case remanded.*

WHITESIDE, P.J., and REILLY, J., concur.