MORAN, APPELLANT, *v.* CITY OF CLEVELAND, APPELLEE.

(No. 54815—Decided January 3, 1989.)

*Daniel J. Ryan,* for appellant.
*Marilyn G. Zack,* director of law, and *Judith M. Francetic,* for appellee.

KRUPANSKY, J. Plaintiff, Thomas H. Moran, filed a complaint in the Court of Common Pleas of Cuyahoga County against his former employer, the city of Cleveland, alleging defendant owed and refused to pay him overtime wages due on September 1, 1979. On that date, plaintiff retired from the Cleveland Police Department, where he had been employed as a police officer. Plaintiff filed his action on May 27, 1987, approximately seven years and eight months after his retirement.

Defendant filed a motion to dismiss, contending plaintiff's claim was barred by the applicable statute of limitations and, therefore, plaintiff failed to state a claim upon which relief can be granted. The trial court granted defendant's motion to dismiss on November 4, 1987. Plaintiff filed a timely notice of appeal assigning two errors.

Plaintiff's assignments of error follow:

"I.  The trial court erred in granting the motion for summary judgment filed on behalf of the appellee-defendant, City of Cleveland, in that there was a factual dispute which could not be resolved.

"II.  The trial court erred in its application of the statute of limitations in finding that the appellant was barred from maintaining an action under the contract of employment entered into by both parties because there was a contractual relationship

between the appellant and the appellee as to the employment of the appellant by the appellee which entitled the appellant to file and maintain the action."

Plaintiff's assignments of error lack merit.

Although plaintiff's errors are couched in terms of summary judgment, plaintiff's motion was made pursuant to Civ. R. 12(B)(6) and was therefore not a motion for summary judgment but rather a motion to dismiss the complaint.

Civ. R. 12(B)(6) provides in pertinent part:

"How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

"* * *

"(6) failure to state a claim upon which relief can be granted * * *."

In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear from the complaint the plaintiff can prove no set of facts entitling him to recovery. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753. In order to dismiss a complaint based upon the statute of limitations, the complaint must conclusively establish on its face the action is barred by the statute of limitations. *Velotta* v. *Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St. 2d 376, 23 O.O. 3d 346, 433 N.E. 2d 147. The complaint stated plaintiff retired September 1, 1979 from the Cleveland Police Department, where he had been employed as a policeman. The clerk's time stamp indicating the complaint was filed May 27, 1987 appeared on the face of the complaint; therefore, the complaint conclusively established on its face the action is barred by either the six-year statute of limitations or the two-year statute of limitations.

Plaintiff argues the fifteen-year statute of limitations for written contracts is applicable to the case *sub judice*. See R.C. 2305.06.[1] However, the fifteen-year statute of limitations for breach of written contracts does not apply to collective bargaining agreements; rather, the six-year statute of limitations set forth in R.C. 2305.07[2] for a liability created by statute applies. See *Rose* v. *General Motors Corp., Frigidaire Div.* (S.D. Ohio 1983), 573 F. Supp. 747. In *Rose,* the federal district court construed a claim of breach of contract for failure to follow a collective bargaining agreement as a violation of the National Labor Relations Act and not as a breach of written contract. The case *sub judice* concerns a breach of a contract between the employees of the police force and the city of Cleveland. The terms of such contract are incorporated in the Codified Ordinances of the City of Cleveland. See Cleveland Codified Ordinances Sections 1.3502 and 1.4746. Overtime compensation for police officers exists only pursuant to municipal ordinance. *Ebright* v. *Whitehall* (1982), 8 Ohio App. 3d 29,

---

[1] R.C. 2305.06 provides:

"Except as provided in·section 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."

[2] R.C. 2305.07 provides:

"Except as provided in section 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

30, 8 OBR 31, 32, 455 N.E. 2d 1307, 1309; see, also, *Meeks* v. *Papadopulos* (1980), 62 Ohio St. 2d 187, 16 O.O. 3d 212, 404 N.E. 2d 159. Consequently, the fifteen-year statute of limitations of written contracts is inapplicable to the case *sub judice.* Plaintiff filed his action over six years after it had accrued. Consequently, plaintiff's action is time barred by the six-year limitation period set forth in R.C. 2305.07. However, the trial court found defendant's action was time barred by the two-year limitation set forth in R.C. 2305.11(A)[3] and not the six-year limitation of R.C. 2305.07.

The Franklin County Court of Appeals held the two-year and not the six-year statute of limitations was applicable to actions for overtime by police officers against their municipal employer in *Ebright, supra.* Apparently the trial court in the case *sub judice* applied the two-year statute of limitations based upon the *Ebright* case. In *Ebright,* the court reasoned the two-year statute of limitations dealing with employee actions for back pay was more specific than the statute of limitations concerning liabilities created by statute and, therefore, under the rule of statutory construction that the more specific prevails over the general, the two-year statute of limitations and not the six-year statute was applicable to a municipal police officer's action for overtime pay against his employer.

Since plaintiff's cause of action accrued almost eight years prior to his filing of a complaint, plaintiff's action was barred by either the two-year statute of limitations set forth in R.C. 2305.11(A) or the six-year statute of limitations set forth in R.C. 2305.07.

Accordingly, plaintiff's assignments of error are not well-taken and are overruled.

*Judgment affirmed.*

PATTON, P.J., and PARRINO, J., concur.

---

[3] R.C. 2305.11(A) provides in pertinent part:

"* * * [A]n action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation shall be commenced within two years after the cause of action accrued."