**CHRISTIAN et al., Appellants,**

v.

**THE SCOTTS COMPANY, Appellee.**

[Cite as *Christian v. The Scotts Co.* (1998), 126 Ohio App.3d 575.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–97–29.

Decided March 10, 1998.

*Vassar, Dills & Dawson* and *J. Michael Vassar*, for appellants.

*Vorys, Sater, Seymour & Pease* and *Robert A. Minor*, for appellee.

HADLEY, Judge.

This is an appeal of a Union County Court of Common Pleas decision dismissing an employment intentional tort claim. For the following reasons, we reverse that decision.

The facts of the case arose as follows. Michael L. Christian ("appellant") was employed by The Scotts Company ("appellee"). On or about August 28, 1995, appellant developed the skin condition keratoderma during his employment with appellee. As a result of contracting keratoderma, appellant became temporarily and totally disabled.

Appellant returned to work on November 1, 1995. On or about February 20, 1996, appellant suffered a reoccurrence of keratoderma after being assigned to appellee's pesticide department. Appellant's doctor subsequently concluded that his keratoderma outbreak was related to pesticide exposures.

On March 5, 1996, appellant's doctor allegedly contacted appellee. He allegedly told appellee that appellant's skin condition was due to occupational exposure to pesticide chemicals.

Then, on or about April 9, 1996, appellee reassigned appellant to the pesticide department. When appellant protested his reassignment, his supervisor allegedly told him that he would be fired if he refused to accept his reassignment. Therefore, appellant worked one day in the pesticide department.

The next day, on April 10, 1996, appellant again contracted keratoderma. As a result, he was placed on temporary total disability. Appellant remains on disability due to his skin condition.

On April 7, 1997, appellant filed a complaint against appellees in the Union County Court of Common Pleas. In that complaint, he alleged that he had been the victim of an employment intentional tort, in violation of R.C. 2745.01.

Appellee filed a motion to dismiss appellant's complaint on May 7, 1997. In that motion, appellee claimed that appellant had not complied with the statute of limitations.

One day later, on May 8, 1997, the trial court sustained appellee's motion. The trial court further dismissed appellant's complaint with prejudice.

On May 29, 1997, appellant filed a motion for relief from judgment. On June 3, 1997, the court sustained appellant's motion and scheduled an oral hearing on the matter.

An oral hearing was held on July 1, 1997. At that hearing, appellant's affidavit was presented to the court.[1]

On July 21, 1997, the trial court again dismissed appellant's complaint. It is from that decision and judgment entry that appellant is appealing the following two assignments of error.

## ASSIGNMENT OF ERROR NO. I

"The trial court erred in dismissing the complaint on the basis that the statute of limitations period had expired."

■■■ Appellant contends in his first assignment of error that the trial court erred in dismissing his claim because he failed to file his complaint within the statutory period. Unless a complaint conclusively establishes, on its face, that

---

1. That affidavit contained specific allegations of when the alleged tortious conduct occurred. Additionally, it contained further evidence supporting appellant's claim.

the action is barred by the statute of limitations, a trial court may not dismiss that complaint based upon the statute of limitations. *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 379, 23 O.O.3d 346, 348, 433 N.E.2d 147, 150–151; *Kotyk v. Rebovich* (1993), 87 Ohio App.3d 116, 119, 621 N.E.2d 897, 899; *Moran v. Cleveland* (1989), 58 Ohio App.3d 9, 10, 567 N.E.2d 1317, 1318–1319.

In the present case, appellant alleged in his complaint that he was injured when he was required to work under conditions the appellee knew were harmful to appellant.[2] However, he did not allege the date of that injury. See *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 87, 4 OBR 335, 337–338, 447 N.E.2d 727, 729–730 (holding that generally a cause of action exists and the statute of limitations begins to run from the time the wrongful act was committed). Therefore, it is not apparent from the face of the complaint that it was filed beyond the statute of limitations.

■ Moreover, when considering a motion to dismiss, we must presume that all factual allegations in the complaint are true. *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.* (1996), 76 Ohio St.3d 521, 524, 668 N.E.2d 889, 891–892. Unless it appears beyond a doubt that the plaintiff can prove no set of facts warranting recovery, we must overrule the motion to dismiss. *Id.*

In his complaint, appellant alleged that appellee knew that dangerous chemicals were present on its premises. Further, he claimed that appellee knew that appellant had previously contracted an occupationally related skin condition due to his employment. Additionally, the complaint professed that appellee knew that appellant's work assignment constituted a dangerous practice. However, appellee allegedly required him to continue working under these conditions despite this knowledge. As a direct and proximate result of that requirement, appellant claimed that he suffered severe physical harm.

Although appellant's complaint neglects to state exactly when the tortious conduct occurred, we do not find this deficiency to be fatal to appellant's claim. Rather, we find that when all of the facts of appellant's complaint are taken as true, there is a possibility of recovery. See *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 145, 573 N.E.2d 1063, 1065 (holding that "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow

---

2. Appellant's complaint stated, in pertinent part:

"7. Under the circumstances, defendant knew that plaintiff's work assignment constituted a dangerous practice and that harm to plaintiff was a substantial certainty, but notwithstanding this knowledge, defendant required plaintiff to perform said tasks ubder said conditions."

plaintiff to recover, the court may not grant a defendant's motion to dismiss"). Therefore, the trial court erred in granting appellee's motion to dismiss.

Furthermore, the statute of limitations pertinent to appellant's claim requires employment intentional tort actions to be filed within one year of the alleged injury. R.C. 2305.112(A).[3] Appellant's complaint alleged that appellee required him to return to work with the same chemicals that caused his keratoderma outbreak. Additionally, at his hearing,[4] appellant introduced an affidavit into evidence. In that affidavit, appellant alleged that his intentional tort claim developed when appellee reassigned him to the pesticide department on April 9, 1996.[5] The record then reflects that appellant filed his complaint on April 7, 1997. Therefore, it would appear that appellant timely filed his complaint within the statute of limitations.

We conclude that appellant's complaint, coupled with his affidavit, supports his allegation that he filed his complaint within the statute of limitations. Taking all of the alleged facts as true, we find that the trial court erred in granting the motion to dismiss. Accordingly, we sustain appellant's first assignment of error.

### ASSIGNMENT OF ERROR NO. II

"Appellant's allegations were sufficient to state a claim for employment intentional tort under R.C. 2745.01."

The trial court never addressed the sufficiency of appellant's allegations of an employment intentional tort. Instead, the trial court dismissed the complaint solely on the basis of its not being timely filed. Therefore, we will not address appellant's second assignment of error, as it is not a ripe issue at this time.[6]

---

**3.** That statute provides:
"An action for an employment intentional tort * * * shall be brought within one year of * * * the date on which the employee knew or through exercise of reasonable diligence should have known of the injury, condition or disease."

**4.** Upon appellant's motion for relief from judgment, the trial court granted a hearing regarding the motion to dismiss.

**5.** Specifically, that affidavit stated:
"7. That on or about April 9, 1996, I was reassigned to the Pesticide Department which I protested on the basis of my medical restrictions; that my supervisor advised me that if I declined to perform my assignment, he would pursue disciplinary proceedings against me which could have resulted in termination; that I thereupon completed my assignment, following which I experienced a severe re[c]urrence of my symptoms."

**6.** We do note that we have previously found R.C. 2745.01 to be unconstitutional in *Johnson v. BP Chemicals, Inc.* (Nov. 18, 1997), Allen App. No. 1–97–32, unreported, 1997 WL 729098, discretionary appeal and cross-appeal allowed in (1998), 81 Ohio St.3d 1500, 691 N.E.2d 1061.

Accordingly, we reverse the Union County Court of Common Pleas judgment dismissing appellant's case. We further remand the case to that court for further proceedings in accordance with our opinion.

*Judgment reversed*
*and cause remanded.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.