I respectfully dissent from the majority opinion. The appellees ("Maniglia") seek to support Judge Nancy R. McDonnell's suasponte dismissal under the authority of Civ.R. 41(A)(1), R.C.2305.19, and lack of subject matter jurisdiction. The majority, apparently beguiled by the siren's call, has confused the Civ.R. 8(C) affirmative defenses of res judicata and the expiration of the statute of limitations with a judge's subject matter jurisdiction under Civ.R. 12(H)(3). Because, as a matter of law, the application of res judicata or the expiration of the applicable statute of limitations can not deprive a court of subject matter jurisdiction, the reasoning of the majority decision is fatally flawed. Moreover, the majority has not, as required by App.R. 12(A)(1)(b), determined the appeal on the merits of the Neals' assignments of error. Specifically, the majority opinion does not address whether the judge erred when she dismissed the action on her own motion without giving the parties notice of her intent to do so. Because, until this majority opinion, such judicial action was reversible error, I would reverse and remand.
First, the majority suggests that "[t]he trial court was readily able to ascertain from the face of the [Neals'] complaint that the case had already been dismissed on two prior occasions * * *," concluding that the judge "correctly recognized" that she lacked subject matter jurisdiction because the Neals' act of twice invoking Civ.R. 41(A) precluded them from using the savings statute, R.C. 2305.19, a second time. Such a conclusion is not supported by the record, contrary to the majority's declaration that it decided "this matter based solely and only on the matters contained in the record."
Assuming, arguendo, the majority's conclusions of law are correct, it overlooks the allegations in paragraph 9 of the Neals' complaint in which Maniglia's waiver of the "two dismissal" rule is set forth as a basis for bringing the action in a timely manner. This allegation of waiver presented matters "outside the pleading" which clearly precluded dismissal. See Civ.R. 12(B); Cyrus v. Henes (1993), 89 Ohio App.3d 172, 175,623 N.E.2d 1256 (statute of limitations defense may present question of fact). Therefore, even if Maniglia had filed a Civ.R. 12(B)(6) motion to dismiss, or even a Civ.R. 12(C) motion for judgment on the pleadings, those motions would fail because the Neals properly alleged waiver of the statute of limitations. This court, as well as a trial judge, must take that allegation as true until further evidence is presented or required as when a party requests summary judgment in its favor.
While the majority suggests that Maniglia, in the appellees' brief — something which is not a part of the lower court record, have denied the existence of an agreement to waive the "two dismissal rule," such is not the case. Rather, they submitted only that no agreement to waive both the statute of limitations and the "double dismissal" rule "was put before the Trial Court and none is contained in the record * * *." During oral argument, Maniglia's attorney conceded that such a document had been executed and he did not dispute the statement by Neals' attorney that such agreement/stipulation was signed by Judge McDonnell and entered on the docket of the previously dismissed Case No. 285464. Maniglia's argument to this court was based upon the fact that this document was not part of the record in Case No. 352095 below and, therefore, not subject to this court's consideration.
The majority also contends that this dissenting opinion considers facts not of record in its analysis, but it is again mistaken. This opinion, as further delineated below, neither uses nor requires reference to any matter outside the record. Rather, this opinion emphasizes that, although the parties' agreement to waive the application of Civ.R. 41(A) and R.C. 2305.19 is not part of the record, the Neals have alleged the existence of such an agreement in their complaint and this allegation alone is sufficient to defeat a motion to dismiss or motion for judgment on the pleadings. Furthermore, as discussed below, the Neals are entitled to notice of the court's intent to dismiss, regardless of whether these allegations were contained in the complaint.[1] The allegations contained in the complaint clearly undermine the majority's opinion.
Moreover, if the allegations supported the conclusion that "the case had already been dismissed on two prior occasions" and, therefore, could not be brought a third time, the law does not support a dismissal based upon a lack of subject matter jurisdiction under Civ.R. 12(H)(3). On page 4, the majority highlights the following portion of Civ.R. 41(A)(1): "[U]nless otherwise stated in notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissaloperates as an adjudication upon the merits when filed by aplaintiff who has once dismissed in any court, an action based onor including the same claim." The rule of law this passage supports is that the doctrine of res judicata applies when a plaintiff files a Civ.R. 41(A)(1)(a) notice of dismissal after having once previously dismissed the action.[2] Contrary to the majority's conclusion, "[r]es judicata is an affirmative defense that does not divest the second tribunal of subject-matter jurisdiction." State ex rel. Wilson-Simmons v. Lake Cty.Sheriff's Dept. (1998), 82 Ohio St.3d 37, 40, 693 N.E.2d 789;Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm. (1995), 74 Ohio St.3d 120,122, 656 N.E.2d 684, 687; State ex rel. Flower v.Rocker (1977), 52 Ohio St.2d 160, 162, 370 N.E.2d 479, 480; see Civ.R. 8(C). Neither Maniglia nor University Orolaryngology asserted in their answers the affirmative defense of resjudicata.
The application of the savings statute, R.C. 2305.19, upon a third refiling of a complaint, does not deprive a trial court of subject matter jurisdiction. R.C. 2305.19 provides as follows:
 In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date [emphasis added].
This savings clause provides a claimant with another chance to file an action within a year if a prior action failed otherwise than on its merits and the statute of limitations has expired. It is a shield against an otherwise valid, Civ.R. 8(C) affirmative, statute of limitations defense but it has nothing to do with conferring subject matter jurisdiction in the common pleas court.[3] Indeed, if the statute of limitations on a claim has not expired, or the defense decides not to assert that the statute of limitations on the action has expired in a motion to dismiss or motion for summary judgment, R.C. 2305.19 has no applicability. Lohrenzen v. Brown (1998), 129 Ohio App.3d 770,773-774, 719 N.E.2d 56. See, also, R.C. 2305.03. Therefore, both Civ.R. 41(A)(1) and R.C. 2305.19 provide a defendant with affirmative defenses but cannot strip jurisdiction from the court. Section 4, Article IV, Ohio Constitution; R.C. 2305.01.
Second, both the majority and Maniglia failed to address the merits of the Neals' first assignment of error:
 1. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT GIVING PLAINTIFFS PRIOR NOTICE OF ITS INTENTION, SUA SPONTE, TO DISMISS THEIR COMPLAINT ON STATUTE OF LIMITATIONS GROUNDS.
The Neals contend that, had they been given notice of the judge's intention to dismiss their complaint, based upon her concerns over the statute of limitations, by response or at hearing, they would have:
 provided the Court with a certified copy of the agreed judgment entry, filed on April 2, 1997 in Case No. 285646 (signed by the same trial judge) wherein the Defendants not only waived the "two dismissal rule" but further waived the statute of limitations applicable to this action from the date of the incident alleged in Plaintiff's complaint and continuing until one year from the date of journalization of this Agreed Judgment Entry."
They claim that they were entitled by law to this notice and opportunity to be heard, and they are correct!
It is well established that, to dismiss a complaint based upon the statute of limitations, the method utilized is a motion under Civ.R. 12(B)(6). Moran v. Cleveland (1989), 58 Ohio App.3d 9,567 N.E.2d 1317, motion to certify overruled 41 Ohio St.3d 706,537 N.E.2d 225. "In order to dismiss a complaint based upon the statute of limitations, the complaint must conclusively establish on its face the action is barred by the statute of limitations."Id. at 10, citing Velotta v. Leo Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376, 433 N.E.2d 147. When the plaintiff cannot state a set of facts entitling him to recover, he has failed to state a claim for which relief can be granted. Civ.R. 12(B)(6); Moran, 58 Ohio App.3d at 10, citing O'Brien v.University Community Tenants Union (1975), 42 Ohio St.2d 242,327 N.E.2d 753.
"A trial court is not empowered to sua sponte grant a motion to dismiss under Civ.R. 12(B)(6) without notice to the plaintiff and an opportunity to respond." Prosen v. Dimora (1992), 79 Ohio App.3d 120,124, 606 N.E.2d 1050, 1052, citing Lundy v. LederleLaboratories, Div. of American Cyanamid Co. (1988), 54 Ohio App.3d 192,561 N.E.2d 1027. More recently, this court stated:
 A trial court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) but only after it provides to the parties notice of its intent to dismiss and an opportunity to respond to the insufficiencies raised by the court.
Willis v. Cuyahoga Metropolitan Housing Authority (Feb. 10, 1994), Cuyahoga App. No. 65472, unreported, citing Prosen, supra;Mayrides v. Franklin Cty. Prosecutor's Office (1991), 71 Ohio App.3d 381,594 N.E.2d 48; Lundy, supra.
Although Maniglia contend that a hearing on the issue of statute of limitations would have been "superfluous" and a "vain act," nevertheless, the Neals were entitled to an opportunity to prove that the action was timely commenced. Both the majority and Maniglia, unable to support this aspect of the sua sponte
dismissal, therefore, ignore it. The judge erred in dismissing the action without providing the Neals with an opportunity to be heard on the question whether the statute of limitations had expired.
The concurring opinion finds a similar, and equally mistaken, jurisdictional basis for affirmance, stating that there was no error because parties to an action may not agree to waive R.C.2305.19 since the "legislature has granted the use of the savings statute only once." The cases cited in the concurring opinion, as well as those cited by the majority, do not support this blanket proposition. Rather, they support the proposition that aplaintiff who has once dismissed cannot later file a notice ofdismissal pursuant to Civ.R. 41(A)(1)(a) and expect to invoke the benefit of R.C. 2305.19 to extend the statute of limitations a second time.[4] The Neals' complaint contends that the second dismissal was by stipulation not notice. The courts of this state have not limited the rights of the parties to mutually waive the application of civil statutes which govern limitations periods for bringing legal actions, or the extension of such limitations periods, and this court should not do so now. In fact, this court has indicated that parties may, in fact, waive the application of R.C. 2305.19. Chesler v. Gigliotti (Feb. 27, 1997), Cuyahoga App. 71125, unreported. Moreover, the Second District Court of Appeals has concluded that where a plaintiff has once filed a notice of dismissal under Civ.R. 41(A)(1)(a), and the parties later file a stipulation to dismiss pursuant to Civ.R. 41(A)(1)(b), without prejudice and otherwise than upon the merits, the defendant is equitably estopped from claiming that the statute of limitations, as extended by R.C. 2305.19, had expired. Hutchinsonv. Wenzke (1999), 131 Ohio App.3d 613, 616, 723 N.E.2d 176, appeal not allowed, 85 Ohio St.3d 1480, 709 N.E.2d 851. Therefore, the law does not support the concurring opinion either.
Finally, it is unclear why this case suddenly came to the judge's attention since neither party had moved to reinstate the action in accordance with her previous order which placed it upon an administrative stay.[5] The instant complaint was filed April 1, 1998 and assigned to Judge Daniel O. Corrigan. Pursuant C.P.Sup.R. 36, it was then transferred to the docket of Judge McDonnell on April 16, 1998. By May 12, 1998, the defendants filed answers with various defenses and brought to the attention of the judge the March 23, 1998 order of Judge Michael Watson of the Franklin County Common Pleas Court in Case No. 97-CVH12-10867, extending to September 23, 1998 the "stay" order in cases involving insureds of the P.I.E. Mutual Insurance Co. It appears Maniglia and his group had been P.I.E. insureds.
On June 17, 1998, Judge McDonnell entered the following order:
 Pursuant to the stay order in Harold T. Duryee, Superintendent of Insurance Ohio Department of Insurance v. The P.I.E. Mutual Insurance Co., this matter is stayed, case to be reinstated upon motion of party after stay is lifted. [Emphasis added.]
The stay expired on September 23, 1998, but the record does not reflect that any party moved to "reinstate" the present action. On October 21, 1998, without any notice, the judge entered the order dismissing the complaint "for failure to commence action with [sic] the statute of limitations." The Neals did not seek relief from judgment under Civ.R. 60(B) but filed a notice of appeal on November 19, 1998.
For the reasons set forth in this dissenting opinion, this matter should be reversed and remanded.
[1] The majority's attention to this issue belies its reasoning here: if the decision to dismiss lies solely upon jurisdictional grounds relating to the subject matter of the complaint, the existence of a waiver agreement would make no difference — regardless of whether it was in the record.
[2] "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,382, 653 N.E.2d 226 (applying doctrine of resjudicata).
[3] In State ex rel. Jones v. Suster (1998), 84 Ohio St.3d 70,701 N.E.2d 1002, the Supreme Court held that "the expiration of the statute of limitations is an affirmative defense that may deprive a litigant of his or her right to recover, but it is not a jurisdictional defect." It concluded that, as a consequence, the expiration of the limitations period merely acted as a bar to recovery; it did not deprive the trial court of jurisdiction.
[4] See Mays v. Kroger Co. (1998), 129 Ohio App.3d 159, 162,717 N.E.2d 398 ("Stated in other words, the notice dismissal of Civ.R. 41(A) is available to the plaintiff only once and asecond notice dismissal acts as an adjudication on the meritsdespite contrary language in the notice. This is also called the `double dismissal rule.' [Emphasis added].")
[5] This may have come to the judge's attention under the command of Loc.R. 18 of the Court of Common Pleas of Cuyahoga County, General Division. This rule mandates a quarterly review of all civil cases pending on a civil docket. A judge shall,after notice, dismiss a case for want of prosecutions absent good cause shown, if no proceedings have taken place for six months. "The court may make such orders as may facilitate the prompt and just disposition of any action."